Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>IRIS N. RODRÍGUEZ PAGÁN T/C/C IRIS NEREIDA RODRÍGUEZ PAGÁN<br><br>Peticionaria | KLCE202400299 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2019CV03482<br><br>Sobre: Ejecución de Hipoteca, Cobro de Dinero - Ordinario |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio y la Juez Barresi Ramos.

Pagán Ocasio, juez ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de marzo de 2024.

## I.

El 11 de marzo de 2024, la señora Iris Nereida Rodríguez Pagán (señora Rodríguez Pagán o peticionaria) presentó, por derecho propio y en forma *pauperis*, un *Certiorari Civil* en el que solicitó la revisión de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) el 16 de febrero de 2024, notificada y archivada en autos el 20 de febrero de 2024.[2] En el dictamen, el TPI declaró No Ha Lugar una moción de reconsideración que la peticionaria solicitó para que el foro primario revisara su rechazo de una petición de cita con la Jueza Administradora del TPI de Carolina, Hon. Rosa del C. Benítez Álvarez.

---

[1] Véase Orden Administrativa OAJP-2021-086 del 4 de noviembre de 2021.
[2] Apéndice del *Certiorari Civil*, págs. 4-5.

En la misma fecha, la señora Rodríguez Pagán radicó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia.* Luego de examinarla, declaramos Ha Lugar dicha solicitud, por lo que la autorizamos a que litigue, en este caso y ante este tribunal, de forma *pauperis* y por derecho propio. Además, le eximimos del pago de arancel por razón de indigencia.

De igual manera, acompañó su petición con un documento manuscrito intitulado *Auxilio de jurisdicción,* pero no consignó lo que solicitó específicamente, ni el fundamento en que se basa para ello.

Como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia del Banco Popular de Puerto Rico.

**II.**

El incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. ***Soto Pino v. Uno Radio Group,*** 189 DPR 84, 90 (2013). De esa forma, las normas que rigen el perfeccionamiento de los recursos se deben observar de forma rigurosa. Íd. El fiel cumplimiento de estas normas es necesario para colocar a los tribunales apelativos en posición de decidir correctamente los casos, teniendo ante sí un expediente completo y claro de la controversia presentada. Íd.

Como parte de este tipo de normas, la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra,* R. 34, establece los requisitos de contenido de la solicitud de *certiorari.* En lo pertinente, dispone que el cuerpo de la solicitud deberá contener: (1) una referencia a la decisión cuya revisión se solicita, así como a cualquier moción, resolución u orden mediante la cual se haya

interrumpido y reanudado el término para acudir ante esta Curia; (2) una relación fiel y concisa de los hechos procesales y materiales del caso; (3) un señalamiento breve y conciso de los errores que, a juicio de la parte, cometió el foro inferior; y (4) una discusión de los errores señalados, incluyendo la ley y la jurisprudencia aplicable. Asimismo, prescribe que el apéndice del recurso contendrá una copia literal de: (1) las alegaciones de las partes, lo cual incluye, en los casos civiles, la demanda principal y su respectiva contestación; (2) la decisión del TPI cuya revisión se solicita y la notificación del archivo en autos de una copia de la notificación de la decisión; (3) toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, así como la notificación del archivo en autos de la resolución u orden; (4) toda resolución, orden, moción o escrito de cualquiera de las partes en las que se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*; y (5) cualquier otro documento que forme parte del expediente original y que pueda ser útil a los fines de resolver la controversia.

**III.**

El escrito presentado por la señora Rodríguez Pagán incumple sustancialmente con los requisitos de la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra*, elemento esencial para el perfeccionamiento del recurso. De una lectura de la petición de *Certiorari Civil* no es posible atisbar con precisión el error señalado, ni el fundamento en que se basa. El incumplimiento no se limita a eso, sino que comprende que la peticionaria: (1) no incluyó la *Resolución* cuya reconsideración solicitó, ni la moción original que motivó dicha determinación; (2) no discutió porqué procedería la concesión de un remedio por esta Curia; y (3) no incluyó una relación de los hechos procesales del caso. Lo anterior provoca que no estemos colocados en posición para revisar al TPI. Por lo que el

escrito de la peticionaria no nos pone en condición de evaluar el recurso e incumple crasamente con nuestro Reglamento.

**IV.**

Por las razones expuestas, se *desestima* el *Certiorari Civil* por craso incumplimiento con el Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones